UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KAREN KLYMAN,

                        Appellant,                    06 Civ. 11510 (PKC)

       -against-                           05 B 17923 (ASH)

                                                       <u>ORDER</u>

DELTA AIR LINES, INC.,

                        Appellee.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        On November 1, 2006, the Clerk of the District Court docketed a notice of appeal of Karen Klyman, proceeding <u>pro se</u>. The Clerk of the Bankruptcy Court transmitted to the Clerk of the District Court a proposed order of dismissal on the ground that Ms. Klyman had not paid the statutorily required filing fee. On November 14, 2006, I signed an Order dismissing the appeal. There was no evidence or indication that Ms. Klyman had filed a motion for leave to proceed as a poor person with respect to the appeal.

        On December 4, 2006, Ms. Klyman filed a motion for reconsideration. (Docket #6) In an unsworn letter, Ms. Klyman made several assertions, including that she had filed an affidavit in an unspecified Court to "get costs waived." She asserted in the unsworn submission that she was indigent. She asserted that she was not aware that the appeal had been docketed "which is why I did not file a brief." She requested more time to assemble a memorandum in support of this motion." This Court granted the motion and vacated the dismissal upon condition that all procedural deficiencies be cured by January 3, 2007. (Order of December 11, 2006) Ms. Klyman was advised to retain a lawyer or seek volunteer <u>pro bono</u> counsel.

January 3 came and passed with no filing or application. I did not immediately dismiss the appeal. However, when Ms. Klyman took no further steps to prosecute the appeal for more than a month after the deadline set in the December 11 Order, I dismissed the appeal for failure to prosecute. (Order of February 6, 2007.)

After the second dismissal, Ms. Klyman filed a "Motion for Extension of Time." On February 16, 2007, I directed appellee to respond to the motion by March 2, 2007 and gave Ms. Klyman until March 12 to reply. (Order of February 16, 2007.) Appellee filed its brief on February 28 (Docket # 10). Ms. Klyman moved for an extension of time to file a reply and I granted that motion setting March 30, 2007 as the new date for a reply. (Order of March 15, 2007.) Ms. Klyman moved for yet another extension of time to file a reply which I granted on March 26, 2007, setting April 12, 2007 as the new date for her reply. (Order of March 26, 2007.)

On March 29, 2007, before the date I set for Ms. Klyman to file a reply, a notice of appeal was received in the Clerk's Office from Ms. Klyman and docketed on April 9, 2007 at which time the notice of appeal was transmitted to the Court of Appeals.

Ms. Klyman never did file the reply with this Court and, with the filing of the notice of appeal, there was no reason for this Court to act further.

The United States Court of Appeals for the Second Circuit has remanded the case to me because it "has determined sua sponte that the Appellant's notice of appeal is not effective due to her pending motion for reconsideration . . . ." The Court of Appeals also asked that I consider whether the appellants' notice of appeal from the Bankruptcy Court's denial of her motion for an extension of time was timely filed.

Under Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, a notice of appeal from any order of the Bankruptcy Court must be filed within ten days of entry. Also, a motion for leave to appeal must be filed within ten days of the entry of the Bankruptcy Court order. Fed. R. Bankr. P. 8003. The time limits are strictly enforced and a district court may not review an order of a Bankruptcy Court unless there is compliance therewith. In re Satellite Systems Corp., 73 B.R. 610 (S.D.N.Y. 1987) (collecting cases).

Some background is necessary to an understanding of whether the filing of a notice of appeal from the April 26, 2006 order of the Bankruptcy Court was timely.

It appears that there had been two Orders of the Bankruptcy Court entered April 5, 2006.[1] No notice of appeal was filed within the ten day period which expired on April 17, 2006. On May 1, 2006, Ms. Klyman filed a motion for leave to appeal the May 5 Orders and the next day, May 2, 2006, filed a notice of appeal. Judge Pauley of this Court denied the motion for leave to appeal as untimely and ordered the notice of appeal stricken. In re Delta Airlines, Inc. et al., M-47 (WHP) (S.D.N.Y. Aug. 28, 2006).

While the matter was pending before Judge Pauley, Ms. Klyman filed a motion before Judge Hardin of the Bankruptcy Court for an extension of time to file a notice of appeal relating to the same orders. Judge Hardin denied the motion in an Order dated May 2, 2006.

A notice of appeal from Judge Hardin's May 2 Order, dated May 11 2006, was stamped received by the Bankruptcy Court on June 19, 2006. Ms. Klyman presented to the Bankruptcy Court a printout from a FedEx website showing that a delivery was made to an address in New York City on May 12, 2006. Faced with the conflict between its own time

---

[1] Judge Hardin refers to the Orders as having been entered on April 3, 2006, which does not materially alter the analysis of the timeliness issue.

stamping of the notice of appeal as having been received on June 19 and Ms. Klyman's evidence, the Clerk accepted the notice for filing. The Fed Ex tracking information has been transmitted to me and it shows that a person signed for a package on May 12, 2006 at 9:38 a.m. A person with the same first initial and the last name as the signor does appear to be employed by the Bankruptcy Court for this District. While the notice of appeal was not docketed by the District Court Clerk until November 1, 2006, I conclude that the appeal from Judge Hardin's Order of May 2, 2006 was timely filed by Ms. Klyman in the Bankruptcy Court on May 12, 2006.

Ms. Klyman transmitted to this Court an application to proceed without prepayment of fees with a declaration under penalty of perjury. Upon reconsideration I will grant her application to vacate the dismissal of the appeal from the April 26 Order of Judge Hardin. I grant her leave to proceed as a poor person without payment of fees.

The appeal ought to be simple and straightforward. Under the applicable standard or review, did Judge Hardin abuse his discretion or act contrary to law in denying the Motion for Extension of Time to File a Late Appeal?

Appellant's brief will be due April 18, 2008. Appellee's brief will be due May 16, 2008 and appellant's reply, if any, will be due June 6. I have set these dates aware of Ms. Klyman's asserted disability and her pro se status. I do not anticipate granting any extensions of this schedule. Ms. Klyman is advised to obtain assistance in order to have the briefs served and filed in a timely fashion and in compliance with the Bankruptcy Rules. She would be well advised to seek volunteer pro bono assistance and failing that, to utilize the services of this Court's Pro Se Office, which is located at Room 230 of the Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

**FAILURE TO STRICTLY COMPLY WITH THIS ORDER AND ALL APPLICABLE RULES, INCLUDING THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND THE LOCAL RULES OF THIS COURT, WILL RESULT IN A DISMISSAL OF MS. KLYMAN'S APPEAL.**

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      March 4, 2008